**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

LAFEYETTA D. TRUITT, JR.,                     :
                                              :
                Petitioner,       :
                                              :
v.                                            :     Case No. 4:26-cv-48-CDL-ALS
                                              :
SENTENCING JUDGES, *et al.*,                  :
                                              :
                Respondents.      :
_____

## ORDER AND RECOMMENDATION

Pending before the Court is a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241 filed by *pro se* Petitioner Lafeyetta D. Truitt, an inmate incarcerated at Muscogee County Jail in Columbus, Georgia. (ECF No. 1). Petitioner also filed a prison trust fund account statement that the Court will liberally construe as a motion for leave to proceed *in forma pauperis* ("IFP"). (ECF No. 2). Because this document shows that Petitioner cannot now pay the required filing fee, he will be permitted to proceed IFP in this case. For the following reasons, however, it is **RECOMMENDED** that Petitioner's habeas petition be **DISMISSED WITHOUT PREJUDICE** because a review of the Petition demonstrates that Petitioner is not entitled to habeas corpus relief at this time. It is also **RECOMMENDED** that a certificate of appealability ("COA") and any motion to proceed IFP on appeal be **DENIED**.

### I.     SCREENING

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts requires a federal court to screen a habeas petition prior to any answer or other pleading. Rule 4 also requires that the petition be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

R. Governing Section 2254 Cases in the U.S. Dist. Cts. 4. Summary dismissal of a habeas petition under Rule 4 is thus proper when the petition and the attached exhibits plainly reveal relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (Rule 4 dismissal appropriate when petition "appears legally insufficient on its face"). Rule 4 is applicable to federal habeas corpus petitions filed under § 2241 as well as § 2254. R. Governing Section 2254 Cases in the U.S. Dist. Cts. 1(b) (providing that the district court may apply the § 2254 rules to other types of federal habeas petitions). Upon examination, it appears that the Petition is frivolous and that Petitioner failed to exhaust his available state court remedies prior to filing the instant litigation. Therefore, the Petition is subject to dismissal under Rule 4.

A state pretrial detainee, such as Petitioner, must meet two requirements to raise constitutional claims in a habeas corpus petition filed under 28 U.S.C. § 2241. First, the petitioner must be in custody under the conviction he is attacking in his petition. If Petitioner is not in custody pursuant to the conviction he is attacking, the Court does not have jurisdiction. *Howard v. Warden*, 776 F.3d 772, 775-77 (11th Cir. 2015) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)) (discussing requirement that petitioner "must be in custody 'under the conviction or sentence under attack at the time his petition is filed'" for district court to have jurisdiction in § 2241 action).

Second, the petitioner must have exhausted available state court remedies. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-90 (1973) (addressing the merits of the petitioner's § 2241 petition only after concluding that he had exhausted "all available state remedies as a prelude to this action"); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004). Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round

2

of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004) (citation omitted) (stating that § 2241 petitioner must exhaust all remedies "available in the courts of the State"). If Petitioner has not exhausted state remedies, the Court cannot grant relief. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (stating that "[t]he exhaustion requirement is . . . a requirement[,]" although it is "not a jurisdictional one").

The basis for the Petition is entirely unclear. Petitioner indicates that he is being held on orders by federal, state, and "other" authorities. (ECF No. 1, at 1). He also states that he is serving "a holding sentence for agg cha" or "finishing a 1998 starkade sentence 7-2."[1] *Id.* At the same time, however, he also indicates he is a pretrial detainee who is "Awall for Arm because of charges and court marshalle in 2006 to 2024 now reacted 2022 and all belonging in all place con finded clam to have back when release after 190 day of Jan 3 Trail Releace day[.]" *Id.*

The Court simply cannot understand what Petitioner means by this, and the remainder of the Petition does nothing to help explain Petitioner's claims. For example, despite initially asserting that this case does not relate to immigration detention, *id.*, Petitioner later claims that this case does "concern immigration proceedings" because "Washoton Resirection #1 Rome Imbercy 2022[.]" *Id.* at 4. In this same section of the form, Petitioner then appears to state that he was denied social security benefits. *Id.* His request for relief is similarly confusing. Petitioner states, "Release me & and procuted the way it would be for the unwarrant and give back all in your power for a conflict or prison and police for calling me a inmate which is a women or girl child that been victum to

---

[1] All quotes from the Petition are reproduced exactly as Petitioner has written them, and as best as the Court can tell.

violents." *Id*. at 7.

In short, the Court has no way of determining whether Petitioner is in custody under any charges he is attempting to challenge in the Petition or what relief he seeks to accomplish by filing this case. The Petition is therefore subject to dismissal as frivolous. *See, e.g.*, *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting R. Governing Section 2254 Cases in the U.S. Dist. Cts. 4, advisory committee's note) (holding that "[t]he district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state" that is "rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'"

Moreover, even if Petitioner had stated some cognizable ground for relief, it is also clear from the face of the Petition that he failed to exhaust any state remedies prior to filing his federal habeas corpus action. The Court's standard form requires Petitioner to describe his "Earlier Challenges of the Decision or Action." (ECF No. 1, at 2). Petitioner checked "No" in response to the question, "Did you appeal the decision, file a grievance, or seek an administrative remedy?" *Id*. When asked to explain why he did not file a first appeal, Petitioner states, "I am no claiming all that the jurry give me for workman comp from inside and out and SSI etc." *Id*. When asked whether he "file[d] a second appeal to a higher authority, agency, or court," Petitioner again checked, "No" and stated, "I hope a claim 100,000 per day settlement upon release with property for 7 non conviction and arrest[.]" *Id*. Likewise, when asked if he filed a third appeal, Petitioner again checked "No" and stated, "I had no claim since settle men sues in person Johonson 2018 Dec do to prison procedure #918[.]" *Id*. at 3. It is thus clear from the face of the Petition that Petitioner did not take any steps to exhaust any remedies he may have had, and his

4

Petition is also subject to dismissal under Rule 4 for this reason.

For these reasons, it is **RECOMMENDED** that the Petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts because it is frivolous and because Petitioner failed to exhaust his remedies prior to filing his federal habeas petition.

## II.    COA AND *IN FORMA PAUPERIS* ON APPEAL

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant[,]" and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

"A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," such as in this case, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*,

529 U.S. at 484. Petitioner has not made these showings. Therefore, it is **RECOMMENDED** that Petitioner be **DENIED** a COA. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, it is **RECOMMENDED** that any motion to proceed IFP on appeal be **DENIED**.

### III.    CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Petitioner's habeas Petition be **DISMISSED WITHOUT PREJUDICE** because a review of the Petition demonstrates that Petitioner is not now entitled to habeas corpus relief. It is also **RECOMMENDED** that a COA and any motion to proceed IFP on appeal be **DENIED**.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Clerk is **DIRECTED** to notify Petitioner of this ruling by mailing him a copy of this Order and Recommendation of Dismissal. Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, the Clerk is **DIRECTED** to serve a copy of the Petition (ECF No. 1) and this Order and Recommendation of Dismissal on the Attorney General and Respondent electronically through CM/ECF and they may, **but are not required to**, respond to the Order and Recommendation of Dismissal.

### IV.    OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation of Dismissal. Any objection is limited in length to **TWENTY (20) PAGES**. See M.D. Ga. L.R. 7.4. Any party may seek an extension of time in which to file

written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 31st day of March, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE